IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DERRICK DEWAYNE KELLEY, #230879, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-CV-0035-TMH |
| | ) | [WO] |
| | ) | |
| LT. STEEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Derrick Dewayne Kelley ["Kelley"], an indigent state inmate, alleges correctional officials violated his constitutional rights when they transferred him "from a level 4 camp to a level 6 camp for no reason." *Plaintiff's Complaint - Court Doc. No. 1* at 2. Kelley also complains this transfer resulted in his removal from trade school thereby denying him the opportunity to receive training in this favorable prison program. *Id*. at 3. Kelley requests "to be moved back [to the level 4 camp] so [he] can finish [his] schooling." *Id*. at 4.

Upon consideration of the claims presented in the complaint, the court concludes dismissal of this case prior to service of process is proper in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Kelley leave to proceed *in forma pauperis*. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### A. Transfer to More Restrictive Correctional Facility

Kelley asserts correctional officials transferred him to a more restrictive correctional facility absent a stated reason in violation of his constitutional rights. This claim is without merit as a convicted prisoner has no constitutionally protected right to confinement in a particular penal facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Thus, an inmate may be confined in any correctional facility without implicating the prisoner's constitutional rights. *Id.*; *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Although the plaintiff's confinement in a maximum custody state correctional facility may entail "more burdensome conditions" than that of a medium or minimum custody facility, such confinement is "'within the normal limits or range of custody which the conviction has authorized the State to impose.' *[Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). Consequently, the transfer about which Kelley complains does not implicate the protections of the Constitution and, for such reason, this claim is due to be summarily dismissed as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Trade School

Kelley complains he is not provided access to trade school at his present place of incarceration. The law is well settled that an inmate has no constitutionally protected

interest in rehabilitative or educational programs as the failure to place an inmate in these programs does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Thus, Kelley's claim of entitlement to continued access to trade school is indisputably meritless as it alleges "infringement of a legal interest which clearly does not exist" and is subject to dismissal as frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before February 6, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of January, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE